**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 1500 SPRING GARDEN GP LLC and 1500 SPRING GARDEN HOLDINGS, L.P., trading as, 1500 NET-WORKS ASSOCIATES, L.P., Plaintiff, | : | |
| v. | : | Civ. No. 24-2254 |
| EDUCATION EQUITIES FUND, LLC. JOSHUA FIGULI and DAVID FIGULI Defendants. | : | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT EDUCATION EQUITIES FUND, LLC'S MOTION TO VACATE DEFAULT JUDGMENT

Defendant, EDUCATION EQUITIES FUND, LLC ("**Movant**" or "**EEF**"), by and through its undersigned counsel, respectfully files this Reply Brief in support of its Motion to Vacate Default Judgment ("**Motion to Vacate**") to vacate the default judgment dated April 8, 2024 against EEF in the form of order submitted, and states that this action that was removed from Pennsylvania state court as follows:

### I. Original Plaintiff's Faulty "Lack of Meritorious Defense" Argument Is Grounded in the Premise That No Complete Defenses Were Asserted.

Original plaintiff, 1500 NET-WORKS ASSOCIATES, L.P. ("**Original Plaintiff**")[1] predominately opposed the Motion to Vacate on the faulty legal premise

[1] Original Plaintiff filed its opposition to the Motion to Vacate (Doc 11) *before* it, through its general partner, 1500 SPRING GARDEN GP LLC 1500 ("**General Partner**") and its sole limited

that EEF fails to assert a Meritorious Defense because no "complete defense" is asserted.[2] Without citing any legal authority interpreting a "complete defense" on a motion to strike or open a default judgment, Original Plaintiff merely cites to U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984),[3] to conclude that the phrase "complete defense" means that a defendant must and can only state a defense to all liability at issue as to the claims underlying the default judgment—irrespective of whether the asserted defense addresses liability or damages, in whole or in part. For obvious reasons, this is not the law.

Original Plaintiff's "complete defense" arguments overstate the meritorious defense standard applicable to a default judgment entered in Pennsylvania state court. All that is necessary to meet the requirement of a meritorious defense is "[i]f any one of the alleged defenses would provide relief from liability, the moving party will have pled a meritorious defense and will have satisfied the third requirement to open the default judgment." Seeger v. First Union Nat. Bank, 2003 PA Super 417, ¶ 5, 836 A.2d 163, 166 (2003) (determining sufficiency of meritorious defense in

---

partner, SPRING GARDEN HOLDINGS, L.P. ("**Limited Partner**") (the General Partner & Limited Partner are collectively herein, the "**Partners**" and singularly, "**Partner**") filed its Amended Complaint (Doc 13; "**Am. Complaint**"). Neither Partner was a party plaintiff to the original Complaint ("**Complaint**") though the General Partner and its alleged manager non-party, THE NIGHTINGALE GROUP, LLC ("**Manager**") were mentioned in the Complaint. Currently, the **only** party plaintiffs are the Original Plaintiff, its General Partner and its Limited Partner (all collectively herein, the "**Plaintiffs**" or singularly, a "**Plaintiff**").

[2] Plaintiff's Motion to Vacate Brief at 13.

[3] Id.

single allegation that opposing party was the party who breached the contract by failing to "timely report or otherwise notify First Union of any alleged unauthorized withdrawals, forgeries, or other unauthorized transfer of funds"). *See also* 12 Standard Pennsylvania Practice 2d § 71:93 (Manner of asserting defense), *favorably citing* Seeger, supra.; and ABG Promotions v. Parkway Pub., Inc., 2003 PA Super 376, ¶ 17, 834 A.2d 613, 618 (2003) ("the condition that a petition to open a default judgment must include a meritorious defense requires only that 'a defense must be pleaded that if proved at trial would justify relief'" (citation omitted)).

Published cases in this district and circuit since $55,518.05 in U.S. Currency do **not** interpret any "complete defense" test to invalidate a meritorious defense that does not protect the defendant from the entirety of the amount of damages claimed. *See* Howard Fischer Assocs., Inc. v. CDA Inv. Techs., 1995 WL 472115, at *4 (E.D. Pa. Aug. 10, 1995) (Reed, J.) ("It would be manifestly unjust to preclude the defendant from asserting a valid defense to two-thirds of the plaintiff's requested relief merely because this defense does not protect defendant from the entire amount of damages claimed.")..[4] *See also* Deal Furniture & Appliances, Inc. v. Four Winds Plaza P'ship, 961 F. Supp. 117, 121 (D.V.I. 1997) ("A defense that reduces the actual judgment award could constitute a meritorious defense for this purpose."), *favorably*

---

[4] *Favorably cited in* Hartsoe v. Kmart Retail Distribution Ctr., 2000 WL 21263, at *3 (E.D. Pa. Jan. 13, 2000) (Broderick, J.); and Johnson v. Berke Young Int'l, LLC, 2008 WL 1930951, at *2 (E.D. Pa. May 1, 2008) (Kauffman, J.).

*citing* Howard Fischer Assocs., Inc., supra.

Here, EEF has asserted meritorious defenses that are both entire and partial complete defenses to liability and damages. Application of an overly broad test as Original Plaintiff suggests would lead to the disturbingly anomalous result of allowing plaintiffs who wrongfully procure default judgments, in whole or part, on faulty premises of liability or elements of damages (*e.g.*, double recovery by a landlord that mitigated damages by entering into a new lease) to be able to execute on such default judgments even though they were never entitled to judgment on aspects of liability or damages comprising the default judgment. It is and must be the law that default judgments that are wrongfully entered in whole or part should and must be challengeable on a motion to strike or open default judgment.

Default judgments are disfavored and "[a]ny doubt should be resolved in favor of setting default judgments aside." NuMed Rehab., Inc. v. TNS Nursing Homes of Pennsylvania, Inc., 187 F.R.D. 222, 224 (E.D. Pa. 1999) (Reed, Sr. J.), *favorably citing* Howard Fischer Assocs., infra. "The demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion."[5]

[5] 10A Fed. Prac. & Proc. Civ. § 2697 (4th ed.) (The Requirement of Showing a Meritorious Defense) (citations omitted) ("By its very nature, the question whether to require a showing of a meritorious defense, as well as the type of demonstration required, must be determined on a case-by-case basis and with an awareness of the policies behind default judgments and the circumstances under which they should be set aside.").

It is not an onerous burden. 6 Bus. & Com. Litig. Fed. Cts. § 64:17 (5th ed.).

In opposing the Motion to Vacate and subsequently filing an Amended Complaint (Doc 13), all Plaintiffs fail to recognize is that "[a] default judgment is as conclusive as that which is rendered after an answer and full trial." In re Bystrek, 17 B.R. 894, 896 (Bankr. E.D. Pa. 1982) (citation omitted) (default judgment "is conclusive between the parties as to the cause of action upon which the judgment is based."). Having secured a default judgment, the Original Plaintiff—through the doctrine of merger[6]—had **all** of its alleged rights merge into the default judgment it improperly procured. Without it vacating the default judgment, Original Plaintiff (with the other Plaintiffs) cannot thereafter amend the complaint to include affirmative claims against EEF—which all Plaintiffs continue to improperly attempt to do in true Marie Antoinette-fashion by seeking judgment against EEF *on the same claims on which the Original Plaintiff already wrongfully procured default judgment that it insists it should be able to enforce in post-judgment execution proceedings*. "The res judicata effect of a default judgment prevents either party from relitigating the same cause of action.' In re Bystrek, 17 B.R. at 896. Yet, Original Plaintiff, along

[6] The Third Circuit described the doctrine of merger as extinguishing the underlying claim rights that are merged into a valid judgment, whereby the "plaintiff's original claim is said to be 'merged' in the judgment" and "[i]t is immaterial whether the judgment was rendered upon a verdict or upon a motion to dismiss or other objection to the pleadings or upon consent, confession, or default" thereby permitting proceedings by "execution for enforcement of the judgment" or "an action upon the judgment." Sovereign Bank v. REMI Cap., Inc, 49 F.4th 360, 365 (3d Cir. 2022), *citing In re Stendardo*, 991 F.2d 1089, 1099 (3d Cir. 1993) (*quoting* Restatement (Second) of Judgments § 18 cmt. a) & c).

with the other Plaintiffs, improperly filed an Amended Complaint purporting to seek recovery of claims against EEF on claims on which the Original Plaintiff already improperly secured a default judgment—which it opposed being vacated *immediately prior* to filing the Amended Complaint (Doc 13). The repeated attacks on EEF's constitutionally protected substantive and procedural due process rights are mushrooming as a result of all Plaintiffs' wrongful litigation actions.

## II. Plaintiffs' Filing of an Amended Complaint to Defendants' Now Mooted Motion to Dismiss Confirms That the Original Complaint Did Not Comport with Pa. R.C.P. No. 2127's Requirements and That Default Judgement Was Wrongfully Entered Thereon.

Although "[c]ourts may overlook procedural irregularities that do not implicate substantive rights of the parties,"[7] it is wrong for the Original Plaintiff to suggest that its pleading deficiency in failing to identify all of its partners as party plaintiffs was such a minor procedural irregularity that could be "overlooked" when it was a substantive procedural maneuver designed to deprive EEF and the other defendants of their constitutionally protected substantive and procedural due process rights to "execute a favorable judgment on any counterclaims against the general partners."[8] Such overt gamesmanship was not only therefore designed to improperly shield the Original Plaintiff's partners, but was also designed to deprive all

---

[7] In re W.R. Grace & Co., 626 B.R. 217, 229 (Bankr. D. Del. 2021).

[8] Plaintiff's Motion to Vacate Brief at 16.

Defendants of their substantive counterclaim rights, *i.e.*, constitutionally protected substantive and procedural due process rights. These simply were not harmless or technical procedural missteps that can or should be "overlooked."

Here, EEF first cited 1500 Corp. v. Macri Concrete, Inc., 315 A.3d 52 (Pa. Super. Ct. 2024), for the proposition that the Superior Court determined that the trial court properly sustained preliminary objections to a writ of summons that omitted partners and stating, in relevant part, that ". . . Rule 2127 recognizes that a limited partnership itself may have the right to prosecute an action, but requires that the caption of the action name the plaintiff as the general partner trading as the limited partnership." This Macri Concrete holding makes clear that such failure is a complete defense and a meritorious defense, especially since the Original Plaintiff had **no** right to proceed with prosecution of its improperly filed complaint. Although the Original Plaintiff also cites the Macri Concrete case with respect to its determination that reversed the trial court for not permitting an amendment of the offending pleading, *this plaintiff is* ***not***—because it cannot—*properly seeking an amendment as to EEF* by 1) opposing vacation of the default judgment it is trying to enforce, and 2) subsequently, and improperly, attempting to litigate an amended complaint *for the very same claims that merged into the default judgment*.

## III. Original Plaintiff Failed to Prove Compliance with Pa. R.C.P. No. 237.1's Notice of Intention to File Praecipe for Default Judgment.

In its opposition brief, Original Plaintiff disingenuously cites to the factually

distinguishable opinion in Scalla v. KWS, Inc., 2020 PA Super 191, 240 A.3d 131, 134 (2020), for the proposition that service of a Praecipe for Notice of Entry of Judgment by Default pursuant to Pa. R.C.P. No. 237.1(a)(2) on the defendant's registered agent in Oklahoma was sufficient against that defendant. What Original Plaintiff fails to understand or recognize, however, is the fact that in Scalla, the registered agent was **not** (as here) a third party registered agent, but rather *an employee officer of the defendant in its only office in the United States*. No such employee or officer of EEF was ever served with such notice in this case nor was such person the registered agent for EEF in Delaware, nor was any office or officer of EEF ever served with the requisite notice. **Nothing** in the Scalla opinion addresses the sufficiency of alleged service of the required notice on a third-party registered agent out-of-state as raised in the Motion to Vacate. Plainly, this too is a complete defense even under Original Plaintiff's erroneously broad and inapplicable meritorious defense test as "[a] record that reflects a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment." Erie Ins. Co. v. Bullard, 2003 PA Super 448, ¶ 13, 839 A.2d 383, 387 (2003) ("In light of the express language of the rule [*i.e.*, Rule 237.1(a)(2)(ii)], we conclude that Erie's chosen method of service failed to comply with the notice requirement contained in the rule" where only counsel of record was served notice, not also the party directly.).

## IV. Original Plaintiff, as a Default Judgment Creditor, Cannot Have Any Continuing Attorneys' Fees or Costs.

The Original Plaintiff requested and received an $8,026,177.68 default judgment. *See* CCP Docket at 4/8/2024[9] entry & Praecipe to Enter Judgment by Default against Defendant Education Equities Fund LLC for Failure to Plead Pursuant to Pa. R. Civ. P. 1037(b)[10] at 2, ¶ 8 ("Plaintiff respectfully requests that this Court assess damages against Education Equities in the amount of $8,026,177.68, being the amount demanded in the Complaint."). Even though its claims merged into the foregoing default judgment, Original Plaintiff bizarrely asserts that its claim for "[attorneys'] fees and costs . . . continue[s] to accrue" when that cannot be the case against EEF as it is a judgment debtor on a default judgment that Original Plaintiff contests should be vacated.

## V. That No Proper Party Plaintiff Was Prosecuting a Claim Against Any Defendant at the Time that Default Judgment Was Entered Is Self-Evident.

The original complaint's mere mention of the General Partner or its alleged Manager did not make either of them a party to this action at the time that default judgment was wrongfully secured for the reasons already stated above and in the Motion to Vacate. Plaintiffs **admit** as much since they filed their Amended Complaint (Doc 13)[11] to moot Defendants' Motion to Dismiss. Since the Original

[9] *See* Motion to Vacate Opp at Exhibit 11.

[10] *See* Motion to Vacate Opp at Exhibit 10.

[11] Incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

Plaintiff is contesting the Motion to Vacate, however, it currently only has an improperly procured default judgment in its own name for a liquidated sum certain that is not, because it cannot, be accruing any additional attorneys' fees or costs as they are **not** provide for in the default judgment. The court in Macri Concrete, 315 A.3d 52 at *3, affirmed the trial court's decision to sustain preliminary objections to a writ of summons that omitted identification of the partnership's partners stating, in relevant part, that ". . . Rule 2127 recognizes that a limited partnership itself may have the right to prosecute an action, but **requires** that the caption of the action name the plaintiff as the general partner trading as the limited partnership" (emphasis added). Thus, the Original Plaintiff had no lawful right to prosecute **any** alleged claim to default judgment solely in its own name—which is a complete defense to the default judgment so wrongfully entered in the Court of Common Pleas.

## VI. The Original Complaint's Verification Does Not Facially Confirm That It Is From the Original Plaintiff, Let Alone from Its General Partner or Its General Partner's Manager, and Is Therefore Invalid Pursuant to Pa. R.C.P. No. 1024.

As noted in Goodrich Amram, "the requirement of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing." Atl. Credit & Fin., Inc. v. Giuliana, 2003 PA Super 259, ¶ 10, 829 A.2d 340, 344 (2003) (vacating default judgment entered on pleading containing wholly defective verification that was inadequate to support entry of default judgment), *citing* 2 Goodrich Amram 2d § 1024(a):1. That Mr. Schwartz may have—at some time in the

past—signed the lease in the capacity of the employee of a manager of the general partner of the Original Plaintiff does not demonstrate that his individual verification—that omits mention any current affiliation with any Plaintiff—comports with Pa. R.C.P. No. 1024's verification requirements. Original Plaintiff makes **no** argument that Mr. Schwartz's verification facially conforms to Rule 1024's requirements or can constitute a valid verification on the Original Plaintiff's behalf for it having any alleged "lack of sufficient knowledge or information" or because the Original Plaintiff was "outside the jurisdiction of the court" and its verification "could not be obtained within the time allowed for the filing of the pleading." Pa. R.C.P. No. 1024(c). The purported verification of an individual non-party employee of an alleged non-party manager that is not registered to do business in Pennsylvania (a fact this is not disputed) is *not a verification that meets the fact pleading requirements of Rule 1024*.[12] Accordingly, Mr. Schwartz's verification is a nullity as a matter of law and the default judgment that was entered against EEF should be vacated. Atl. Credit & Fin., Inc., 2003 PA Super 259, ¶ 10, 829 A.2d at 344.

## VII. That Facts Must Be Reviewed to Determine the Liquidation of Amounts Original Plaintiff Claimed as Damages Supports Why the Default Judgment Should Be Stricken or Opened.

[12] *See*, *e.g.*, 2 Goodrich-Amram 2d § 1024(c):5 (Verification by third party) ("A complaint was improperly verified by the claim manager of a nonparty insurance broker who claimed that because each of several plaintiffs was only a partial insurer, none individually possessed sufficient knowledge of the facts set forth in the complaint to make verification because the plaintiffs could have filed separate verifications or one plaintiff could have verified what he or she was able to verify."), *citing* Rokeby-Johnson v. William Moennig and Son, Ltd., 41 Pa. D. & C.3d 594, 1984 WL 2719 (C.P. 1984).

Original Plaintiff's claims that the defenses to various amounts that comprise its purported damages do not constitute complete defenses[13] to support the existence of meritorious defenses is *wrong as a matter of law* as explained in more detail above. *See* Howard Fischer Assocs., Inc., 1995 WL 472115, at *4 ("It would be manifestly unjust to preclude the defendant from asserting a valid defense to two-thirds of the plaintiff's requested relief merely because this defense does not protect defendant from the entire amount of damages claimed."); and Deal Furniture & Appliances, Inc., 961 F. Supp. at 121 ("A defense that reduces the actual judgment award could constitute a meritorious defense for this purpose."). That Original Plaintiff must argue purported facts from a) newly submitted declarations to address the sublease and payments related thereto (none of which is mentioned in the original Complaint), and not solely from b) the original Complaint, is added support for why the default judgment should be stricken or opened. No sum certain could therefore been properly calculable from the face of the original Complaint.

Original Plaintiff admits that it mitigated its damages (something not at all mentioned in the original Complaint) after it "filed this action, [as] it entered into a lease with Harrisburg University for the entire space leased to Hussian"[14] and that it

[13] *See* Motion to Vacate Opp. Brief at 21-23.

[14] *See* Motion to Vacate Opp. Brief at 22, *citing* Schwartz Declaration, ¶ 10.

will "ultimately [have to give] a credit against the judgment for whatever Plaintiff actually receives from the new tenant."[15] A commercial landlord "but may either allow the property to stand idle and hold the tenant liable for the entire rent, or re-lease it and hold the tenant liable for the difference, if any." 8A Summ. Pa. Jur. 2d Property § 26:150 (2d ed.). Here, this landlord has exposed the Defendants to double recovery because it elected to re-lease the property but nonetheless secured default judgment on accelerated rent without limiting its recovery to the difference of the rent due under the original lease with that of the new lease.

## VIII. Conclusion.

It is respectfully submitted that this Honorable Court should grant this motion in the form of order previously submitted.

Dated: July 29, 2024

Respectfully submitted,
**LEECH TISHMAN FUSCALDO & LAMPL, LLC**

*/s/ Alan S. Fellheimer*

Alan S. Fellheimer (PA ID: 9842)
John J. Jacko, III (PA ID: 67477)
Ryan O. Hemminger (PA ID: 200809)
1417 Locust Street, 3rd Floor
Philadelphia, Pennsylvania 19102
Telephone: (267) 938-4562
Facsimile: (267) 938-4588
afellheimer@leechtishman.com
jjacko@leechstishman.com
rhemminger@leechtishman.com
*Attorneys for Defendants Education Equities Fund, LLC, David Figuli & Joshua Figuli*

[15] *See* Motion to Vacate Opp. Brief at 22-23.