**IN IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 1500 NET-WORKS ASSOCIATES, L.P., Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| EDUCATION EQUITIES FUND LLC, JOSHUA FIGULI, AND DAVID FIGULI, Defendants. | : | NO. 2:24-cv-02254-PD |

**PLAINTIFF'S SUR-REPLY BRIEF IN FURTHER OPPOSITION TO THE MOTION OF DEFENDANT EDUCATIONAL EQUITIES FUND TO VACATE DEFAULT JUDGMENT**

In its Reply Brief in Support of Motion to Vacate Default Judgment, defendant Education Equities Fund ("EEF") does not even address, let alone dispute, the facts establishing, inter alia, that (i) the Declaration of David Figuli contains false statements regarding how EEF was served and how and when the other defendants (EEF's members) first became aware of the Complaint, (ii) Defendants engaged in an elaborate strategy to avoid service of process, and (iii) service was properly made on EEF via its registered agent in Delaware. Thus, EEF concedes that entry of the default judgment was the direct result of EEF's culpable conduct.

EEF's culpable conduct weighs heavily against vacating the default judgment. Undeterred, EEF focuses its Reply Brief on the "meritorious defense" prong of the test for vacating a default judgment and attempts to restate or supplement its previous meritorious defense arguments. Plaintiff has already addressed most of those arguments, so this Sur Reply Brief will address only the issues that were not fully discussed in Plaintiff's previous Memorandum of Law.

## ARGUMENT

### A. EEF Has Not Demonstrated A "Complete" Defense To Plaintiff's Claim

The Third Circuit and District Courts in this circuit have held - - repeatedly - - that for a defense to be "meritorious," it must be a "complete" defense to the plaintiff's claim. See, e.g., U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984)(citations omitted). Citing to several state court cases, EEF first argues that "Plaintiff's 'complete defense' arguments overstate the meritorious defense standard applicable to a default judgment entered in Pennsylvania state court." [EEF's Reply Brief, p. 2.] However, these state court cases are irrelevant here, as federal courts apply the federal standard for vacating a default judgment. E.g., Pennsylvania Nat. Bank & Tr. Co. v. Am. Home Assur. Co., 87 F.R.D. 152, 154 (E.D. Pa. 1980).

EEF next asserts that Plaintiff's damages claim will be partially offset by rent received from the replacement tenant and "[p]ublished cases in this district and circuit since $55,518.05 … do not interpret any 'complete defense' test to invalidate a meritorious defense that does not protect the defendant from the entirety of the amount of damages claimed." [EEF's Reply Brief, p. 3.] As support for this proposition, EEF cites to one case from this circuit - - Howard Fischer Assocs., Inc. v. CDA Inv. Techs., No. CIV.A. 94-4855, 1995 WL 472115 (E.D. Pa. Aug. 10, 1995). The court in Howard Fischer acknowledged that the Third Circuit has "characterized a meritorious defense as a complete defense," but nevertheless went on to say that "a partial defense may constitute a meritorious defense." Id. at *4 (emphasis added). Since the term "partial" is the opposite of "complete," the Howard Fischer case is directly contrary to the many decisions in the Third Circuit on the issue.[1]

Not surprisingly, the Howard Fischer case is an outlier in the Third Circuit and its holding has been rejected by multiple courts. For example, the

[1] EEF states that the Howard Fischer case was "favorably cited" in Hartsoe v. Kmart Retail Distribution Ctr., No. CIV. A. 99-429, 2000 WL 21263 (E.D. Pa. Jan. 13, 2000) and Johnson v. Berke Young Int'l, LLC, No. CIV.A. 07-2240, 2008 WL 1930951, at *2 (E.D. Pa. May 1, 2008). [EEF's Reply Brief, p. 3 fn. 4.] Neither of those cases cite to Howard Fischer for the proposition that a partial defense is sufficient to demonstrate a meritorious defense.

court in Atlas Commc'ns, Ltd. v. Waddill, No. CIV. A. 97-1373, 1997 WL 700492, at *3–4 (E.D. Pa. Oct. 31, 1997), held:

> [T]he Court of Appeals has always described this element as requiring a "complete defense." . . . . Whether Integrity has a complete defense is a critical issue because without a meritorious defense Integrity could not prevail at trial.
>
> * * *
>
> In its motion, Integrity does not assert a complete defense; it alleges only a partial defense. Integrity's defense is based on "serious questions as to the amounts that Integrity actually owes Atlas." . . . Integrity's partial defense is relevant to damages, rather than liability.
>
> Integrity has failed to allege a complete defense.

Id. at *3-4 (citations omitted)(emphasis added).

The court in Eagle Fruit Traders, LLC v. Ultra Fresh, LLC, No. CV-18-14541-ES-SCM, 2019 WL 5704503 (D.N.J. Nov. 5, 2019), ruled similarly:

> Ultra and Felix do not offer a complete defense. . . . Instead, Ultra and Felix now claim that they do not owe Plaintiff the claimed principal amount of $44,800, because Plaintiff owes Ultra certain "credits" in the total amount of $14,145. . . . In other words, Ultra and Felix only dispute the amount of damages owed, not their liability. But such a defense, even if established at trial, does not constitute a "complete defense to the action" and is therefore not a meritorious defense. . . .

Id. at *4 (citations omitted)(emphasis added). See also, e.g., DirecTV, LLC v. Alvarez, No. 1:15-CV-06827-NLH-KMW, 2017 WL 4284526, at *2 (D.N.J. Sept. 27, 2017) ("Here we find that defendant has only tendered a partial defense going only to damages and not a complete defense…"); Aquapaw Brands LLC v. Yan-Peng, No. 2:21-CV-01784-CCW, 2023 WL 3538551, at *3 fn. 1 (W.D. Pa. May

18, 2023)("Although [defendant] disputes the damages award, when coupled with an incomplete defense, disputes over the accounting of damages cannot justify vacating a default judgment."). Consequently, EEF's argument that Plaintiff's damages claim will be partially offset by rent received from the replacement tenant is not a "complete" defense against Plaintiff's claim and thus is not a "meritorious" defense.

More importantly, Pennsylvania substantive law is clear that rent received from a replacement tenant under the facts of this action is no defense whatsoever to a money judgment for accelerated rent. In Ferrick v. Bianchini, 69 A.3d 642 (Pa. Super. 2013), tenant defaulted on the payment of rent and abandoned the leased premises. The lease gave landlord various remedies for a tenant default, including re-taking of possession, acceleration of rent, and confession of judgment. Id. at 645. Landlord filed a Complaint in Confession of Judgment "averring that tenant was in default for failing to pay rent, taxes, insurance, and utilities and for vacating and abandoning the leased premises prior to the expiration of the lease term" and then obtained a judgment against tenant for " both past due rent and charges totaling more than $80,000, together with accelerated rent and fees for the remaining eight years of the lease term, for a total judgment in excess of $1.5 million." Id. at 646. Tenant sought to open the judgment on the grounds, inter alia, that landlord received a double recovery

because it got a judgment for accelerated rent while also retaking possession of the property and re-letting it to a new tenant. The Superior Court ruled that these facts did "not provide a meritorious defense" to the judgment entered against tenant.

Before stating its decision, the Superior Court set out the applicable principles of landlord-tenant law:

> [W]here a tenant abandons property, a non-breaching landlord has no duty to mitigate damages. *Stonehedge Square Ltd. Partnership v. Movie Merchants, Inc.,* 552 Pa. 412, 715 A.2d 1082 (1998); [additional citations omitted]. In the case of abandonment, the landlord may either choose to allow the property to stand idle and hold the tenant liable for the entire rent, or he may re-lease it and hold the tenant liable for the difference, if any. *Stonehedge, supra.*
>
> *Stonehedge* does not disturb the general principle that a landlord must choose between taking possession of the property and collecting future rents. However, pursuant to that decision, where a commercial tenant vacates the leasehold, the landlord may seek accelerated rent if the lease so provides, and re-let the premises. The landlord, however, must credit tenant **at execution** for sums paid by the replacement tenant. …. If the landlord terminates the lease and evicts the tenant before the acceleration clause is enforced, the landlord cannot recover rent for the post-eviction period. If the landlord collects accelerated rent and receives possession of the property by abandonment, the landlord may keep the accelerated rent, but is required to account to the tenant for rent received from a new tenant.

Id. at 656 (emphasis added). The Superior Court then held:

> We find … that the record establishes that Tenant abandoned the leasehold … Thus, Landlord was within its rights to re-enter the premises, change the locks, and confess judgment for accelerated rent. However, Landlord concedes that double recovery, to the extent it results in unjust enrichment, is not countenanced, and Tenant would be entitled to a credit against the judgment amount **at execution** if

> Landlord were to collect rent from any replacement tenant. … Thus, this argument **does not provide Tenant with a meritorious defense** to the validity of the confessed judgment for accelerated rent, but does support a **credit against the judgment at execution** if Landlord receives rents from a new tenant.

Id. at 657 (emphasis added).

Here, as in Ferrick, the tenant (Hussian College) defaulted on the payment of rent and abandoned the leased premises. Since the Lease expressly permitted Plaintiff to accelerate the rent due from Hussian, re-let the premises, and confess judgment against Hussian for the accelerated rent (and other amounts expressly permitted by the Lease), Plaintiff was entirely within its rights to confess judgment against Hussian for accelerated rent and obtain a replacement tenant. Under Pennsylvania law, the fact that Plaintiff is receiving rent from the replacement tenant does not provide a meritorious defense to the validity of the judgment. Id. at 657. And since EEF unconditionally guaranteed payment of all amounts owed by Hussian under the Lease, EEF's liability is identical to Hussian's.[2]

[2] Like Hussian, EEF will be entitled to a credit against the judgment at the time of execution for the net rent received from the replacement tenant, but execution proceedings have not yet begun and Plaintiff has not yet collected any accelerated rent.

## B. EEF's Argument Based On Pa. R.C.P. 237.1 Does Not Provide A Meritorious Defense

EEF continues to assert that service of Plaintiff's Praecipe for Notice of Entry of Judgment by Default on EEF's registered agent was insufficient under Pa. R.C.P. 237.1 because that Rule purportedly required that service be made "directly" on EEF. In advancing this argument, EEF once again is undeterred by the fact that Rule 237.1 does not say anything about "directly" serving defendants or the uncontested fact that EEF could not be served at its stated address in Colorado. Nor does EEF cite to any case holding that service of the Rule 237.1 Praecipe on a registered agent is improper or explain how service on its registered agent would constitute a "complete" defense on the merits to Plaintiff's claim.

EEF attempts to distinguish Scalla v. KWS, Inc., 240 A.3d 131 (Pa. Super. 2020) on the grounds that the registered agent served in that case was also an employee of the defendant. [EEF's Reply Brief, p. 8.] However, the court there plainly relied on the fact that the person was the registered agent when concluding that the Rule 237.1 Praecipe was properly served. Id. at 134-35.

Moreover, the Delaware Limited Liability Company Act makes it clear that service of a document like a Rule 237.1 Praecipe on a registered agent is proper. Delaware Code § 18-104 states, in relevant part:

> (a) Each limited liability company shall have and maintain in the State of Delaware:

> * * *
>
> (2) A registered agent for service of process on the limited liability company . . .
>
> * * *
>
> (e) Every registered agent shall . . .
>
> (3) <u>Accept service of</u> process and <u>other communications directed to the limited liability companies</u> . . . for which it serves as registered agent <u>and forward same to the limited liability company</u> …to which the service or communication is directed. [Emphasis added.]

Consequently, EEF's registered agent was required by statute to accept "other communications" directed to EEF and forward them to EEF. And it is significant that EEF never asserts that its Delaware registered agent failed to forward either the Complaint or the Rule 237.1 Praecipe to EEF. It follows that EEF's argument based on Pa. R.C.P. 237.1 does not present a meritorious defense to Plaintiff's claim.

**C. <u>Plaintiff Is Permitted to Prosecute Claims In Its Own Name And The Complaint Was Properly Verified By Plaintiff</u>**

EEF asserts that Plaintiff "had no lawful right to prosecute <u>**any**</u> alleged claim to default judgment solely in its own name . . ." [EEF's Reply Brief, p. 10 (emphasis in original)]. In advancing this argument, EEF ignores the plain language of 15 Pa. C.S.A. § 8620, which states that a limited partnership "is an entity distinct from its partners" and "has the capacity to sue and be sued in its own name and the power to do all things necessary or convenient to carry on its

activities and affairs." Thus, EEF's assertion does not constitute a meritorious defense to Plaintiff's claim.

EEF also continues to argue that Mr. Schwartz's Verification of the Complaint was improper. EEF cites to the case of Atlantic Credit & Finance, Inc. v. Giuliana, 829 A.2d 340 (Pa. Super. 2003) as further support for this argument. [EEF's Reply Brief, pp. 10-11.] Plaintiff there purported to be the successor of the company to which defendant was indebted, and the Verification was made by "an unnamed individual identified as a 'paralegal' for Atlantic Credit who had no personal knowledge of the facts and was not an officer of the corporate plaintiff." Id. at 343.

Here, in contrast, Mr. Schwartz was a named individual, has personal knowledge of the facts, and is the authorized representative of Plaintiff, as made clear by the signature blocks on the Lease and all Lease Amendments (attached to the Complaint).[3] Thus, the Verification was properly made by Plaintiff and not by an "individual non-party employee," as EEF continues to mischaracterize Mr. Schwartz. See, e.g., Hess v. Wyoming Valley Cold Storage and Ice Co., 70 Pa. D.&C. 399, 400 (C.P. Luzerne Co. 1949)(verification complied with Rule 1024

[3] As noted in Plaintiff's initial Memorandum of Law, Plaintiff is a limited partnership, its general partner is an LLC, the LLC's manager is another LLC, and Mr. Schwartz is the manager of that latter LLC.

where it was "signed by the agent of the real party in interest - the party filing the pleading."). [4]

## CONCLUSION

For the reasons set forth above and in the Plaintiff's Opposition Memorandum, EEF's Motion to Vacate Default Judgment should be denied.

Respectfully submitted

**COZEN O'CONNOR**

Dated: August 5, 2024 By: Robert V. Dell'Osa

Robert V. Dell'Osa (#44281)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2745
rdellosa@cozen.com

*Attorneys for Plaintiff*

*Of Counsel:*

Kenneth W. Eng
*(Admitted in New York and New Jersey only)*
COZEN O'CONNOR
3 World Trade Center
175 Greenwich Street, 55th Floor

[4] While EEF contends that Plaintiff cannot amend its complaint without first vacating the default judgment [EEF's Reply Brief, p. 5], the Amended Complaint states specifically that EEF is included as a defendant solely because of the pending Motion to Vacate. [Amended Complaint, Dkt. No. 13 at ¶ 2, fn. 1.] This would make it unnecessary to amend the Complaint if the Motion to Vacate were granted. If the Motion to Vacate is denied, Plaintiff will amend the Complaint once again (if required) and drop EEF as a defendant.

New York, New York 10007
(212) 908-1357 | KEng@cozen.com

**CERTIFICATE OF SERVICE**

I, Robert V. Dell'Osa, hereby certify that on August 5, 2024, a true and correct copy of the foregoing Sur-Reply Brief in Further Opposition to Defendant Educational Equities Fund's Motion to Vacate Default Judgment was served upon counsel of record via electronic filing and is available for viewing and download from the Court's ECF system.

*/s/ Robert V. Dell'Osa*
Robert V. Dell'Osa