**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 1500 SPRING GARDEN GP LLC and 1500 SPRING GARDEN HOLDINGS, L.P., trading as, 1500 NET-WORKS ASSOCIATES, L.P., | : | CIVIL ACTION |
| Plaintiff, | : | NO. 2:24-cv-02254-PD |
| v. | : | |
| JOSHUA FIGULI AND DAVID FIGULI, | : | |
| Defendants. | : | |

**REPLY TO DEFENDANTS' COUNTERCLAIM**

Plaintiff 1500 SPRING GARDEN GP LLC and 1500 SPRING GARDEN HOLDINGS, L.P., trading as 1500 NET-WORKS ASSOCIATES, L.P. ("Plaintiff"), replies to the Counterclaim of defendants Joshua Figuli ("J. Figuli") and David Figuli ("D. Figuli," and together with J. Figuli, "Defendants") as follows:

## I. PARTIES

1. Plaintiff admits upon information and belief that J. Figuli is an adult individual, but is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averment of this paragraph and therefore denies that averment.

2. Plaintiff is without knowledge of information sufficient to

enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

3. Plaintiff admits upon information and belief that D. Figuli is an adult individual, but is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averment of this paragraph and therefore denies that averment.

4. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

5. Admitted that 1500 Net-Works Associates, L.P. is a Delaware limited partnership which does business in the Commonwealth of Pennsylvania.

## II. JURISDICTION & VENUE

6. Admitted.

7. Admitted.

## III. FACTUAL BACKGROUND

8. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

9. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

10. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

11. Plaintiff admits that the space leased to Hussian consisted of 32,771 square feet of space, designated as Suite 101, at 1500 Spring Garden Street, but is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averments of this paragraph and therefore denies those averments.

12. Admitted.

13. Admitted that Hussian, with the approval of Plaintiff, entered into a sublease agreement ("Sublease") with Harrisburg University of Science and Technology. The remaining averments of this paragraph reference the terms of the Sublease and are denied because the Sublease is a writing that speaks for itself.

14. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

15. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averments of this paragraph and therefore denies those averments.

16. Admitted that Plaintiff and Hussian entered into the First Amendment to the Lease. The remaining averments of this paragraph reference the

terms of the First Amendment and are denied because the First Amendment is a writing that speaks for itself.

17. Admitted that Plaintiff and Hussian entered into the Second Amendment to the Lease. The remaining averments of this paragraph reference the terms of the Second Amendment and are denied because the Second Amendment is a writing that speaks for itself.

18. Admitted that Plaintiff and Hussian entered into the Third Amendment to the Lease. The remaining averments of this paragraph reference the terms of the Third Amendment and are denied because the Third Amendment is a writing that speaks for itself.

19. Admitted that Hussian and Plaintiff entered into the Third Amendment and that the Figulis executed the Guaranty. The remaining averments of this paragraph reference the terms of the Third Amendment and are denied because the Third Amendment is a writing that speaks for itself.

20. Denied.

21. Denied.

22. Admitted, except that the draw down on the letter of credit occurred on or about January 31, 2023.

23. Denied and denied as a legal conclusion.

24. Denied and denied as a legal conclusion.

25. Denied.

26. Admitted that Plaintiff received a Notice of Nonrenewal-Irrevocable Standby Letter of Credit No. 431222, dated February 22, 2023 from Republic Bank. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averments of this paragraph and therefore denies those averments.

27. Denied.

28. Admitted that Hussian made a suggestion similar to the suggestion averred. The remaining averments of this paragraph are denied as legal conclusions.

29. Admitted that Plaintiff required that a letter of credit be in place, as that is a requirement of the Lease, but otherwise denied.

30. Plaintiff admits that Hussian identified UMPQUA Bank as a potential new financial institution, but is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averments of this paragraph and therefore denies those averments.

31. Admitted that Plaintiff rejected Hussian's suggestion of providing a letter of credit from UMPQUA Bank because it would not comply with the specifications set forth in the Lease for the letter of credit, but otherwise denied.

32. Admitted that due to Hussian's failure to secure an acceptable replacement letter of credit, Plaintiff drew down the balance of the Republic Bank letter of credit prior to that letter of credit's expiration, but otherwise denied.

33. Denied that Plaintiff made "threats" about drawing down the letter of credit from Republic Bank. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averments of this paragraph and therefore denies those averments

34. Admitted that Plaintiff drew down the balance of the Republic Bank letter of credit, but otherwise denied. By way of further reply, Republic Bank stated clearly and unequivocally to Plaintiff that it (Republic) would not under any circumstances extend the letter of credit issued on behalf of Hussian.

35. Admitted that following Plaintiff's draw down of the letter of credit issued by Republic Bank, Hussian's counsel and Plaintiff exchanged emails, but otherwise denied.

36. Denied. By way of further reply, the June 9, 2023 letter from Plaintiff's counsel to Hussian's counsel transmitting Plaintiff's Notice of Default stated that "Landlord now holds $229,849.14 as a cash security," as expressly permitted by the Lease.

37. Denied.

38. Denied and denied as a legal conclusion.

39. Admitted that Plaintiff entered in a lease with Harrisburg for the same space previously leased to Hussian, but Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the remaining averments of this paragraph and therefore denies those averments.

40. Denied. By way of further reply, Plaintiff issued a Five (5) Day Notice of Default, dated June 8, 2023, to Hussian and Defendants.

41. Denied and denied as a legal conclusion.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted that Harrisburg was a subtenant to Hussian, that Hussian vacated the leased premises on or about May 30, 2023, and that Plaintiff and Harrisburg subsequently entered into a lease for the premises previously leased by Hussian, but otherwise denied.

48. Admitted.

49. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averment of this paragraph and therefore denies that averment.

## COUNT I
## (Breach of Lease Agreement)

50. Plaintiff incorporates paragraphs 1 through 49 of this Reply as if fully set forth here.

51. Admitted.

52. Denied and denied as a legal conclusion.

53. Denied and denied as a legal conclusion.

54. Denied and denied as a legal conclusion.

55. Denied and denied as a legal conclusion.

56. Plaintiff is without knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the averment of this paragraph and therefore denies that averment.

**COUNT II**
**(Conversion)**

57. Plaintiff incorporates paragraphs 1 through 56 of this Reply as if fully set forth here.

58. The averment of this paragraph is too vague to permit a response and is therefore denied.

59. Denied and denied as a legal conclusion.

60. Denied and denied as a legal conclusion.

61. Denied and denied as a legal conclusion.

62. Denied and denied as a legal conclusion.

63. Denied and denied as a legal conclusion.

64. Denied and denied as a legal conclusion.

65. Plaintiff is without knowledge or information sufficient to

enable it to form a belief as to the truth or falsity of the averment of this paragraph and therefore denies that averment.

**COUNT III**
**(BREACH OF FIDUCIARY DUTY)**

66. Plaintiff incorporates paragraphs 1 through 65 of this Reply as if fully set forth here.

67. Denied as a legal conclusion.

68. Denied as a legal conclusion.

69. Denied as a legal conclusion.

70. Denied as a legal conclusion.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim against Plaintiff upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants lack standing to assert claims that purportedly belong to Hussian.

**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, the Assignment Agreement purportedly executed by Hussian and Defendants whereby Hussian assigned all of its rights, title, and interest in and to all claims and rights against Plaintiff is champertous, lacked consideration, constitutes self-dealing, and is otherwise invalid.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted in the Counterclaim are not viable affirmative claims but are defenses incorrectly designated as affirmative claims.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are prohibited from asserting any claims for offsets and defenses which Hussian may have in this action pursuant to paragraph 4(a) of the Guaranty, which states, in relevant part, that "The validity and enforceability of this Guaranty and the obligations of each Guarantor hereunder shall not terminate and shall not be affected or impaired by reason of . . . any offsets or defenses of Hussian . . . ."

**SIXTH AFFIRMATIVE DEFENSE**

Assertion of a purported Counterclaim belonging to Hussian by Defendants in this action is barred by the failure of Hussian to assert its purported counterclaims in the Court of Common Pleas of Philadelphia action captioned *1500 Net-Works Associates, L.P. v. Hussian College Inc. (f/k/a Hussian School of Art, Inc.),* Case No. 240100531.

**SEVENTH AFFIRMATIVE DEFENSE**

Assertion of a purported Counterclaim belonging to Hussian by Defendants in this action is barred by paragraph 26(o) of the Initial Lease, which provides, in pertinent part, that "If Landlord commences any summary proceeding for non-payment of rent, Tenant will not interpose any counterclaim of whatever nature or description in any such proceeding."

**EIGHTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred by the doctrines of laches, unclean hands, waiver, and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred because all of Plaintiff's conduct with respect to Hussian was expressly authorized by and consistent with the Lease, the Third Amendment, and the Guaranty.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Hussian or Defendants sustained any damages (which Plaintiff expressly denies), such damages were caused in whole or in part by Defendants' own conduct and/or negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Hussian or Defendants sustained any damages (which Plaintiff expressly denies), such damages were attributable, in whole or in part, to the intervening acts and/or culpable conduct of third parties, including, but not limited to Hussian, whom Plaintiff and its agents had no control over or duty to control.

**TWELTH AFFIRMATIVE DEFENSE**

To the extent Hussian or Defendants sustained any damages (which Plaintiff expressly denies), such damages were attributable, in whole or in part, to independent, intervening, and/or superseding causes over which Plaintiff had no duty or control and for which Plaintiff is not responsible or liable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Hussian or Defendants sustained any damages (which Plaintiff expressly denies), then Hussian and/or Defendants failed to mitigate their damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred to the extent Defendants are attempting to annul, void or otherwise disregard the expressly agreed-upon terms of the Third Amendment or the Guaranty.

WHEREFORE, plaintiff 1500 Spring Garden GP, LLC and 1500 Spring Garden Holdings, L.P., trading as 1500 Net-Works Associates, L.P., requests that the Court enter judgment in its favor and against Defendants on their Counterclaim and award Plaintiff such further relief that the Court may deem just and equitable.

Dated: December 27, 2024

**COZEN O'CONNOR**

BY: /s/*Robert V. Dell'Osa*
Robert V. Dell'Osa (#44281)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2745
rdellosa@cozen.com

*Attorneys for Plaintiff*

*Of Counsel:*

Kenneth W. Eng
*(Admitted in New York and New Jersey only)*
COZEN O'CONNOR
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 908-1357 | KEng@cozen.com

**CERTIFICATE OF SERVICE**

I, Robert V. Dell'Osa, hereby certify that on December 27, 2024, a true and correct copy of the foregoing Reply to Defendants' Counterclaim was served upon counsel of record via electronic filing and is available for viewing and download from the Court's ECF system.

*/s/ Robert V. Dell'Osa*
Robert V. Dell'Osa